RONALD ADY, PLLC (USB 3694)
8 East Broadway, Ste. 725
Salt Lake City, UT 84111
(801) 530-3122
(801) 746-3501 fax

Attorney for Plaintiff

---

### IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

---

| | |
|---|---|
| William Patterson, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SWIFTFUNDS FINANCIAL SERVICES, LLC, a California Company, FRANK WHITE, FEDERAL RECOVERY ACCEPTANCE, INC. dba PARAMOUNT ACCEPTANCE CORPORATION, FITNESS GROUP OF WEST JORDAN, LLC dba VASA FITNESS WEST JORDAN<br><br>Defendants. | **FIRST AMENDED COMPLAINT and JURY DEMAND**<br><br><br>**Case No. 2:16-cv-01151-DB**<br><br>**Judge** Dee Benson<br><br>**Magistrate Judge** |

Plaintiff William Patterson, by and through counsel, complains against the

Defendants named above as follows.

## I.   PRELIMINARY STATEMENT

    1.    At all times material to the Plaintiff's Complaint, the Defendants Vasa

Fitness West Jordan (Vasa Fitness) and Paramount Acceptance Corporation (Paramount Acceptance) were in the business of operating gyms which had as one of their primary purposes providing (for a fee or charge) services or facilities that are purported to assist patrons to improve their physical condition or appearance through: (i) aerobic conditioning; (ii) strength training; (iii) fitness training; or (iv) other exercise.

2.      Under Utah law a gym membership agreement providing such gym facilities or services may not require payment of any amount in excess of the total amount due stated on the front page of such an agreement, or require payment of amounts which accrued beyond the fixed term stated on the front page of such an agreement. Plaintiff had such a gym membership with the Defendants Vasa Fitness and Paramount Acceptance, but notwithstanding these prohibitions they wrongfully imposed additional charges on the Plaintiff after his gym membership agreement with them expired, then sold the account to the Defendant Swiftfunds Financial Services (Swiftfunds).

3.      Swiftfunds then reported this alleged debt on Plaintiff's credit and over six months repeatedly communicated with the Plaintiff to collect on this non-existent debt. In doing so, the Defendant Swiftfunds and White committed multiple violations of the Fair Debt Collections Practices Act (FDCPA) and the Utah Consumer Sales Practices Act (the UCSPA).  As well, by enforcing the prohibited terms in the gym membership agreement the Defendants Vasa Fitness and Paramount Acceptance

committed multiple violations of the UCSPA.

II.   **JURISDICTION AND RELATIONSHIP OF THE PARTIES**

4.    Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § l692, the Utah Consumer Sales Practices Act (UCSPA), *Utah Code* § 13-11-1 et seq, UCSPA counts for declaratory relief, and claims for punitive damages under Utah law.

5.    The Court has jurisdiction pursuant to l5 U.S.C. § 1692k; 28 U.S.C. §§ l33l, 1337, and 1367.

6.    Plaintiff is a natural persons who resides in the State of Utah, and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and allegedly owes a "debt" as defined by 15 U.S.C. § 1692a(5).

7.    Plaintiff is a consumer within the UCSPA, *Utah Code* § 13-11-3(2).

8.    During an eight month period Plaintiff conducted searches with the California Secretary of State to ascertain who the principals of the Defendant SwiftFunds Financial Services, LLC (Swiftfunds) are but not has been able to obtain any information from the California Secretary of State in that regard. Rather, over the eight months those searches were conducted the Defendant Swiftfunds has been delinquent in its filing of that information with the California Secretary of State.

9.      Consequently, the Plaintiff has not as yet been able to locate the principals of the Defendant Swiftfunds, and has not been able to locate the Defendant Frank White.

10.     Defendant Swiftfunds is a foreign limited liability company organized and existing under the laws of the State of California; which has as the principal purpose of its business the collection of debts; which operates its collection agency from its principal place of business at 927 Deep Valley Drive, Suite 195, Rolling Hills Estate, California; which regularly collects or attempts to collect debts owed or due or asserted to be owed or due another; and so is a "debt collector" as defined by 15 U.S.C. §1692a(6).

11.     At all times material to the Plaintiff's claims the Defendant Swiftfunds was a person who regularly engages in, or enforces consumer transactions, and so is a supplier as defined by *Utah Code* § 13-11-3(6).

12.     Defendant Frank White is a person of unknown residence who at all times material to the Plaintiff's claims in this action was an employee or authorized representative of the Defendant Swiftfunds, and at all times was a "debt collector" for the Swift Defendants as defined by 15 U.S.C. § 1692a(6).

13.     It is common practice in the consumer debt collection industry for debt collectors to use a pseudonym or "desk name," and Frank White may be a "desk

4

name," and not the legal name of Frank White.

14.     At all times material to the Plaintiff's claims the Defendant White was a person who regularly engages in, or enforces consumer transactions, and so is a supplier as defined by *Utah Code* § 13-11-3(6).

15.     Fitness Group of West Jordan, LLC dba Vasa Fitness West Jordan is a Utah limited liability company whose registered agent is Troy Peterson, 1259 S. 800 E., Orem UT 84097, and which was formerly known as Fitness Group of West Jordan, Inc. dba Gold's Gym.

16.     At all times material to the Plaintiff's claims the Defendant Vasa Fitness operated the health spa or fitness gym facility to which the gym membership agreement applied, and was a party to the gym membership agreement referred to below.

17.     At all times material to the Plaintiff's claims the Defendant Vasa Fitness was a person who regularly solicits, engages in, or enforces consumer transactions, and so is a supplier as defined by *Utah Code* § 13-11-3(6).

18.      Federal Recovery Acceptance, Inc. dba Paramount Acceptance Corporation is a Utah corporation whose registered agent is Peter A. KLC and Associates, PLLC, 4725 S. Holladay Blvd., Ste. 110, Salt Lake City UT 84117.

19.     At all times material to the Plaintiff's claims the Defendant Paramount

Acceptance was a person who regularly solicits, engages in, or enforces consumer transactions, and so is a supplier as defined by *Utah Code* § 13-11-3(6).

20.     At all times material to the Plaintiff's claims the Defendant Paramount Acceptance was a party to the gym membership agreement referred to below, and serviced gym membership agreements for the Defendant Vasa Fitness.

III.                          **FACTUAL ALLEGATIONS**

21.     At all times material to this Complaint, Defendants sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

22.     On May 21, 2013 the Plaintiff entered into a gym membership agreement (the gym membership agreement) with the Defendant Fitness Group of West Jordan, LLC (Vasa Fitness) and the Defendant Paramount Acceptance with a term of two-years stated on the front page of that gym membership agreement, that is, which expired May 21, 2015.

23.     Alternatively, on May 21, 2013 the Plaintiff entered into the gym membership agreement with the Defendant Fitness Group of West Jordan, LLC (Vasa Fitness) with a term of two years stated on the front page of that gym membership agreement, and that agreement by operation of its terms was contemporaneously assigned to the Defendant Paramount Acceptance for the purposes of the servicing the

6

gym membership agreement, including collection of the amounts due under the terms of the gym membership agreement.

24.     As stated on the front page of the gym membership agreement, the total amount due for the two-year term of the gym membership agreement was $933.84.

25.     As a matter of law, Utah law was incorporated into the terms of the gym membership agreement.

26.     Paragraph 26 on the reverse side of the gym membership agreement reads: "STRIKING CLAUSE: If any portion of this contract is found to be in violation of any laws, it shall be stricken from the contract terms and shall have no affect on the viability of the remaining contract terms, including the reverse side of this agreement."

27.     The following terms in the gym membership agreement are in violation of Utah law:

i.     The Auto-Renewable clause of the gym membership agreement, which purported to automatically renew the agreement without reference to, or regard for, the 36-month maximum term for gym membership agreements imposed by Utah law;

ii.     The Auto-Renewable clause of the gym membership agreement, which purported to automatically renew the agreement for a term beyond the two-year

term stated on the front page of the gym membership agreement, when Utah law explicitly requires that the entire term of a gym membership agreement be stated on its front page;

      iii.    Paragraph 20 on the reverse side of the gym membership agreement, which requires that Vasa Fitness be given 30-days advance written notice prior to the expiration of the agreement's two-year term before the gym membership agreement can be canceled after the expiration of its two-year term;

      iv.    Paragraph 20 on the reverse side of the gym membership agreement, which requires that monthly dues and all other fees imposed by the agreement must be current before the gym membership agreement can be canceled;

      v.    Paragraph 23 on the reverse side the gym membership agreement, which imposes a semi-annual $15.00 gym facility improvement fee and which fee, contrary to Utah law, is not included in the total cost of the two-year gym membership agreement stated on the first page of the agreement.

    28.    Plaintiff timely paid all sums due under his gym membership agreement with VASA Fitness and Paramount Acceptance to and through May 21, 2015.

    29.    As of May 30, 2015, Plaintiff had timely paid in full the total amount due on the gym membership stated on its face of $933.84.

8

30.     Sometime subsequent to May 21, 2015, but prior to November 4, 2015, the Defendant Vasa Fitness or the Defendant Paramount Acceptance, or both of them, sold the Plaintiff's allegedly delinquent gym membership agreement to the Defendant Swiftfunds for some $206.00, more or less.

31.     At the time the gym membership agreement was sold to the Defendant Swiftfunds the Defendant Vasa Fitness or the Defendant Paramount Acceptance, or both of them, falsely represented to the Defendant Swiftfunds that Plaintiff's gym membership agreement was in default, that the account had been terminated after three months delinquency, and that the amount claimed due on the alleged debt was properly owing from the Plaintiff.

32.     At all times material to the Plaintiff's claims the Defendant Swiftfunds knew or should have known that Plaintiff's gym membership agreement was not in default and knew that Plaintiff owed nothing on that agreement.

33.     On or about November 4, 2015, the Defendant Frank White left the following pre-recorded message on Plaintiff's voice mail at his place of work:

> Urgent and very time sensitive message being left for William Patterson. This is Frank White calling from the credit reporting division of Swiftfunds. We're a collection agency. I'm calling today in regards to an account we are getting ready to report to the credit bureau and I was hoping to speak with you about it first. Return my call at 702-921-8316. Please bear in mind we are ready to report today and I need to speak with you immediately.

34.     After hearing that message the Plaintiff telephoned the Defendant Swiftfunds and Frank White answered the telephone on behalf of "Swiftfunds." During the ensuing conversation Mr. White falsely alleged that:

       i.     Plaintiff was 90 days delinquent on his account with VASA Fitness;

       ii.     Defendants were entitled to report the alleged debt on the Plaintiff's consumer report and were going to report it on his consumer report;

       iii.     VASA Fitness had properly instructed the Defendants to report the alleged delinquent account on the Plaintiff's consumer report;

       iv.     Plaintiff must direct any dispute regarding the alleged overdue account with VASA Fitness to VASA Fitness;

       v.     Plaintiff owed $440.85 on the gym membership agreement.

35.     The $440.85 demanded by the Defendant White included a collection fee which was some 100% or more of the principal amount alleged to be owing on the Plaintiff's gym membership agreement, which collection fee was an exorbitant and grossly excessive collection fee bearing no reasonable relation to the actual costs of collection incurred by the Defendant Swiftfunds in collecting on debt of this type.

36.     Under Utah law exorbitant and grossly excessive collection fees are unlawful.

37.     During that conversation the Plaintiff disputed the debt.

38.     Subsequently, Plaintiff again called the Defendants and again spoke to Mr. White, who again answered the telephone on behalf of "Swiftfunds," and during that conversation Mr. White falsely alleged that:

i.      the Defendant Swiftfunds was entitled to report the VASA Fitness account on the Plaintiff's consumer report;

ii.     once an alleged debt is reported on a consumer's credit, the Defendants Vasa Fitness and Paramount Acceptance will not settle with the consumer an alleged debt until it has been on the consumer's credit for three years;

iii.    the Defendants had no responsibility to verify the alleged VASA Fitness account to the Plaintiff;

iv.     that the Defendants had already provided the Plaintiff with written verification of the alleged VASA Fitness account;

v.      the Defendants were entitled, by agreement, to continue with their collection efforts against the Plaintiff.

39.     During that conversation the Plaintiff again disputed the debt.

40.     Subsequent to that conversation the Defendant Swiftfunds falsely reported to one or more consumer reporting agencies that Plaintiff had defaulted on the

gym membership agreement and owed a delinquent balance on that gym membership agreement.

41.     During the period November 9, 2015 through April 25, 2016 the Defendant Swiftfunds and Frank White called and left 16 voice mails on the Plaintiff's work telephone number demanding payment of the $440.85.

42.     At no time material to the Plaintiff's claims in this Complaint did the Defendant Frank White or the Defendant Swiftfunds send to the Plaintiff the notice required by 15 U.S.C. § 1692(g).

43.     The foregoing acts and omissions were undertaken on behalf of the Defendants by their respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

44.     The foregoing acts and omissions of the Defendants Vasa Fitness and Paramount Acceptance were undertaken indiscriminately and persistently, as part of those Defendants' regular and routine business practices in selling consumers gym membership agreements. In fact, the gym membership agreement terms of which the Plaintiff complains in this action are standard terms incorporated in all Vasa Fitness gym membership agreements, which contrary to Utah law:

    i.      purported to automatically renew for a term in excess of 36 months;

    ii.     purported to automatically renew for a term in excess of the term

stated on the front page of the agreement;

        iii.     which stated a total amount due on the front page of the agreement which did not include the semi-annual facility improvement fee stated on the reverse side of a gym membership agreement;

and which regular and routine business practices included selling the gym membership agreements with alleged amounts in arrears to third-party debt collectors and in that sale representing that the alleged arrears on the gym membership agreement sold were properly owing, pursuant to a pattern and practice of these Defendants in collecting on debts that were not owed or were not in default, and without regard to or consideration of the identity or rights of consumers, including the Plaintiff Patterson.

        45.     The foregoing acts and omissions of the Defendants Swiftfunds and Frank White were undertaken indiscriminately and persistently, as part of those Defendants' regular and routine collection efforts, pursuant to a pattern and practice of those Defendants in:

        i.     collecting on debts that were not owed or were not in default and demanding full payment of the amount alleged to be due;

        ii.     demanding the payment of excessive and grossly exorbitant collection fees;

       iii.    falsely reporting on consumers' consumer reports that they were in default on their payment obligations under the terms of a gym membership agreement,

and without regard to or consideration of the identity or rights of consumers including the Plaintiff Patterson.

46.    These breaches of duty were committed by the Defendants named above were the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of the Plaintiff Patterson, thus entitling the Plaintiff Patterson to an additional sum for punitive damages due from these Defendants, as provided for by *Utah Code* § 78B-8-201.

## RIGHT TO JURY TRIAL

47.    Plaintiff claims the right to a jury trial under the 7th Amendment of the United States Constitution and pursuant to *Fed. R. Civ. P.* 38.

## COUNT I
## FALSE OR MISLEADING REPRESENTATIONS IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(A)

48.    Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

49.    Defendants Swiftfunds and White falsely represented the legal status and

the amount of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A), as is stated more specifically in  ¶¶ 31 to 38 above.

WHEREFORE, Plaintiff demands judgment in favor of Plaintiff and against each of these defendants for:

a. Statutory and actual damages;

b. Attorney's fees, litigation expenses, and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT II
### FALSE OR MISLEADING REPRESENTATIONS IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)

50.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

51.     Defendants Swiftfunds and White  threatened to take an action that could not legally be taken in violation of 15 U.S.C. § 1692e(5), as is stated more specifically in ¶¶ 31, 32, and 36 above.

WHEREFORE, Plaintiff demands judgment in favor of Plaintiff and against each of these defendants for:

a. Statutory and actual damages;

b. Attorney's fees, litigation expenses, and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT III

### COLLECTION OF ANY AMOUNT UNLESS EXPRESSLY AUTHORIZED BY AGREEMENT OR PERMITTED BY LAW IN VIOLATION OF FDCPA, 15 U.S.C. § 1692f(1)

52.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

53.     Defendants Swiftfunds and White collected on an amount which was not expressly authorized by the gym membership agreement and which was not permitted by Utah law in violation of 15 U.S.C. § 1692f(1), as is stated more specifically in ¶¶ 24 through 38 above.

WHEREFORE, Plaintiff demands judgment in favor of Plaintiff and against each of these defendants for:

a. Statutory and actual damages;

b. Attorney's fees, litigation expenses, and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT IV
### FALSE OR MISLEADING REPRESENTATIONS IN

16

**VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)**

54.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

55.     Defendants Swiftfunds and White used false representations or deceptive means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10), as is stated mor specifically in ¶¶ 31 through 38 above.

WHEREFORE, Plaintiff demands judgment in favor of Plaintiff and against each of these defendants for:

a. Statutory and actual damages;

b. Attorney's fees, litigation expenses, and costs of suit; and

c. Such other or further relief as the Court deems proper.

**COUNT V**

**COMMUNICATING OR THREATENING TO COMMUNICATE FALSE CREDIT INFORMATION IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(8)**

56.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

57.     Defendants Swiftfunds and White threatened to communicate or communicated to one or more consumer reporting agencies credit information

17

regarding the Plaintiff which these Defendants knew or should have known was false, including the failure to communicate that the debt was disputed, in violation of 15 U.S.C. § 1692e(8), as is stated more specifically in ¶¶ 31, 32, 36, and 38 above.

WHEREFORE, Plaintiff demands judgment in favor of Plaintiff and against each of these defendants for:

a. Statutory and actual damages;

b. Attorney's fees, litigation expenses, and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT VI
## FAILURE TO SEND WRITTEN VALIDATION NOTICE IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692g

58.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

59.     Defendants Swiftfunds and White failed to send Plaintiff a written validation notice within five days after the initial communication with Plaintiff in violation of 15 U.S.C. § 1692g, as is stated more specifically in ¶ 42 above.

WHEREFORE, Plaintiff demands judgment in favor of Plaintiff and against each of these defendants for:

a. Statutory and actual damages;

b. Attorney's fees, litigation expenses, and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT VII

### VIOLATION OF THE UCSPA, *UTAH CODE* § 13-11-4, BY THE DEFENDANTS VASA FITNESS AND PARAMOUNT ACCEPTANCE

60.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

61.     The Defendants Vasa Fitness and Paramount each violated the UCSPA as stated below:

i.     *Utah Code* § 13-11-4(2)(j)(i) (indicating that a consumer transaction involves obligations, if the representation is false) by accruing and sending to collection monthly charges accrued after the two-year term of the gym membership agreement had expired. See  ¶¶ 30 through 37 above.

ii.     *Utah Code* § 13-11-4(2)(j)(i) by representing to the Defendant Swiftfunds that  under the terms of the gym membership agreement the Plaintiff was legally liable for and owed the Defendants Vasa Fitness or the Defendant Paramount Acceptance for additional monthly charges accrued after the expiration of the two-year

term stated on the front page of the gym membership agreement. See ¶¶ 24 through 31 above.

iii.   *Utah Code* § 13-11-4(2)(j)(i) by imposing a semi-annual facility improvement fee which was not included in the total amount of the gym membership agreement stated on its front page. See ¶¶ 27.v. and 28 above.

WHEREFORE, Plaintiff demands judgment in favor of Plaintiff and against each of these defendants for:

a. Statutory and actual damages for each violation of the UCSPA stated above;

b. Attorney's fees, litigation expenses, and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT VIII

### VIOLATION OF THE UCSPA, *UTAH CODE* § 13-11-4, BY THE DEFENDANTS SWIFTFUNDS AND WHITE

62.   Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

63.   By enforcing and collecting upon the amounts alleged to be due from the Plaintiff Patterson under the illegal terms of that form of gym membership agreement, the Defendants Swiftfunds and White each violated the UCSPA as stated below:

     i.    *Utah Code* § 13-11-4(2)(j)(i) (indicating that a consumer transaction involves obligations, if the representation is false). Representing in its collection calls to the Plaintiff that under the terms of the gym membership agreement he had defaulted on the terms of the gym membership agreement, and was three months in arrears on his monthly gym payments when, in fact, he had made all payments due under the terms of the gym membership agreement. See ¶ 34 above.

     ii.    *Utah Code* § 13-11-4(2)(j)(i) – by reporting to one or more consumer reporting agencies that the Plaintiff was in default and three months in arrears on the gym membership agreement monthly payments, when in fact he had paid the entire amount due on the gym membership agreement. See ¶¶ 29 and 40 above.

     iii.    *Utah Code* § 13-11-4(2)(j)(i) – by advising Plaintiff that he owed $440.85 on the agreement. See ¶¶ 29, 32 through 36, and 41 above.

     iv.    *Utah Code* § 13-11-4(2)(j)(i) — by making the false statements to the Plaintiff recited in paragraph 46 above to coerce Plaintiff into pay the alleged debt. See ¶¶ 30, 42 above.

     v.    *Utah Code* § 13-11-4(2)(j)(i) – by including in the $440.85 demanded from the Plaintiff an exorbitant and grossly excessive collection fee which was 100% or more of the principal amount of the alleged debt. See ¶¶ 30, 35-36 above.

WHEREFORE, Plaintiff demands judgment in favor of Plaintiff and against each

of these Defendants for:

    a. Statutory and actual damages for each violation of the UCSPA stated above;

    b. Attorney's fees, litigation expenses, and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT IX
### DECLARATORY RELIEF AGAINST THE DEFENDANTS VASA FITNESS AND PARAMOUNT ACCEPTANCE

    64.    Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

    65.    This claim is brought pursuant to 28 U.S.C. § 2201 et seq. and *Utah Code* § 13-11- 19(1) to obtain declaratory relief for Utah consumers regarding the wrongful acts and practices committed by the Defendants Vasa Fitness and Paramount Acceptance in relation to the claims made against them by the Plaintiff as the alleged debtor of the Defendants Vasa Fitness and Paramount Acceptance.[1]

    66.    Accordingly, the Plaintiff Patterson seeks a declaratory judgment finding that:

---

[1] (1) Whether he seeks or is entitled to damages or otherwise has an adequate remedy at law, a consumer may bring an action to: (a) obtain a declaratory judgment that an act or practice violates this chapter . . . .

i.      The gym membership agreement terms of which the Plaintiff complains
in this action are standard terms incorporated in all Vasa Fitness gym membership
agreements. See ¶ 46 above.

ii.     The Auto-Renewable clause of the gym membership agreement violated
Utah law by purporting to automatically renew the agreement for a term beyond the
two-year term stated on the front page of the gym membership agreement, when Utah
law explicitly requires that the entire term of a gym membership agreement be stated
on its front page. See ¶ 27 above.

iii.    The gym membership agreement violated Utah law by purporting to
automatically renew the term of the gym membership agreement without reference to,
or regard for, the 36 month maximum term for gym membership agreements imposed
by Utah law. See ¶ 27 above.

iv.     Paragraph 20 on the reverse side of the gym membership agreement
violated Utah law by requiring that Vasa Fitness be given 30-days advance written
notice prior to the end of the two-year agreement term to cancel the gym membership
agreement after the expiration of the agreement's two-year term. See ¶ 27 above.

v.      Paragraph 20 on the reverse side of the gym membership agreement
violated Utah law by requiring that monthly dues and all other fees imposed by the
agreement must be current before the gym membership agreement can be canceled. See

¶ 27 above.

vi.    The gym membership agreement violated Utah law imposing a semi-annual facility improvement fee which was not included in the total cost of the gym membership agreement stated on the front page of that agreement. See ¶ 27 above.

vii.    For those Vasa Fitness gym membership agreements which are not canceled prior to the end of the term stated on the first page of those agreements, the Defendants Vasa Fitness and Paramount Acceptance have a pattern and practice of routinely and regularly accruing charges on a Vasa Fitness gym membership agreement beyond the fixed term stated on the front page of the agreement (the excess charges) and demanding that those charges be paid by each consumer obligated for the fixed term stated on the front page of any such agreement. See ¶ 44 above.

viii.    The excess charges accrued by the Defendant Vasa Fitness and the Defendant Swiftfunds, as stated above, violate Utah law. *Id.*

ix.    For those Utah consumers who fail or refuse to pay the excess charge, it is the routine and regular practice of the Defendants Vasa Fitness and Paramount Acceptance to sell those agreements to third party debt collectors such as the Defendants Swiftfunds, and in doing so to represent that excess charges are actually owed by each of the consumers allegedly owing the excess charge. *Id.*

x.    In representing to third-party debt collectors that the excess charges are

properly due and owing, the Defendants Vasa Fitness and Paramount Acceptance violate Utah law. *Id.*

67.    Based on the above, Plaintiff requests declaratory relief against the Defendants Vasa Fitness and Paramount Acceptance as authorized by 28 U.S.C. § 2201 et seq. and *Utah Code* § 13-11- 19(1), including:

a.    A declaration that under Utah law the provisions in the gym membership agreement referred to in ¶¶ 29.i. - iv. above are void or unenforceable and so did not and do not bind the Plaintiff.

b.    A declaration that there was and is no debt due from the Plaintiff to the Defendant VASA Fitness or the Defendant Paramount Acceptance;

c.    A declaration that there was and is no forgiveness of debt of debt as defined by the Internal Revenue Code for the purpose of calculating the Plaintiff's taxable income;

d.    A declaration that there was and is no debt due from the Plaintiff to the Defendant Vasa Fitness or the Defendant Paramount Acceptance to be reported to any consumer reporting agency;

e.    A declaration that there was and is no debt due from the Plaintiff to the Defendant Vasa Fitness or the Defendant Paramount Acceptance to be sold, assigned, or

otherwise transferred to any third party.

## COUNT X

### DECLARATORY RELIEF AGAINST
### THE DEFENDANT SWIFTFUNDS

68.   Plaintiff incorporates each of the preceding paragraphs as if fully set forth

herein.

69.   This claim is brought pursuant to and 28 U.S.C. § 2201 et seq. and *Utah*

*Code* § 13-11- 19(1) to obtain declaratory relief for Utah consumers regarding the

wrongful acts and practices committed by the Defendants Swiftfunds and White in

relation to the claims made against them by the Plaintiff in the within action.

70.   Accordingly, the Plaintiff Patterson seeks a declaratory judgment

finding that:

      i.   It is the routine and regular practice of the Defendants Swiftfunds

and White to threaten consumers from whom they are collecting amounts alleged due

from the consumer, with the reporting of the alleged overdue account on the

consumer's consumer report. See ¶ 45 above.

      ii.   It is the routine and regular practice of the Defendants Swiftfunds

and White to add an exorbitant and grossly excessive collection fee to each of the

accounts on which they collect. See ¶ 45 above.

iii.    In the event a consumer does not comply with these Defendants demand for full payment, it is the routine and regular practice of the Defendants Swiftfunds and White to report those accounts, including the exorbitant and grossly excessive collection fees, on the consumer reports of the consumers from whom they collect. See ¶ 45 above.

iv.    It is the routine and regular practice of the Defendants Swiftfunds White to demand full payment from the consumer of any excess charge (calculated as stated in Count VIII.3.vii above) allegedly accrued by the consumer with any Vasa Fitness entity in the State of Utah. See ¶ 45 above.

v.    The routine and regular practices of the Defendants Swiftfunds and White as stated immediately above violate Utah law.

71.    Based on the above, Plaintiff requests declaratory relief against the Defendant Swiftfunds as authorized by 28 U.S.C. § 2201 et seq. and *Utah Code* § 13-11- 19(1), including:

a.    A declaration that under Utah law the provisions in the gym membership agreement referred to in ¶¶ 27.i. - iv. above are void or unenforceable and so did not and do not bind the Plaintiff.

b.    A declaration that there was and is no debt due from the Plaintiff to the Defendant SwiftFunds;

c.     A declaration that there was and is no forgiveness of debt of debt as defined by the Internal Revenue Code for the purpose of calculating the Plaintiff's taxable income;

d.     A declaration that there was and is no debt due from the Plaintiff to the Defendant SwiftFunds to be reported to any consumer reporting agency;

e.     A declaration that there was and is no debt due from the Plaintiff to the Defendant SwiftFunds to be sold, assigned, or otherwise transferred to any third party.

COUNT XI

**PUNITIVE DAMAGES FROM VASA FITNESS AND PARAMOUNT ACCEPTANCE**

72.    Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

73.    The acts of the Defendants Vasa Fitness and Paramount Acceptance stated in paragraphs 24 through 31, 44, 46 and Count VIII above entitle the Plaintiff to punitive damages pursuant to *Utah Code* § 78B-8-201.

74.    Plaintiff demands that a judgment for punitive damages be entered for him against these Defendants in an amount to be proven at the trial of the within action.

**COUNT XII**

**PUNITIVE DAMAGES FROM SWIFTFUNDS**

75.    Plaintiff incorporates each of the preceding paragraphs as if fully set forth

herein.

76.    The acts of the Defendant Swiftfunds stated in paragraphs 31 through 41, 45,

46 and Count IX above entitle the Plaintiff to punitive damages pursuant to *Utah Code* §

78B-8-201.

77.    Plaintiff demands that a judgment for punitive damages be entered for him

against these Defendants in an amount to be proven at the trial of the within action.

DATED this 7th day of November, 2016.

Respectfully submitted,

                        __/S/Ronald  Ady _____
                        RONALD ADY (USB 3694)
                        RONALD ADY, PLLC
                        8 East Broadway, Ste. 725
                        Salt Lake City, UT 84111
                        (801) 530-3122
                        (801) 746-3501 fax
                        Attorney for the Plaintiff
                        William Patterson